# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | | |
|---|---|---|
| **JAMES HAFEY,** | } | |
| | } | |
| **Plaintiff,** | } | |
| | } | |
| **v.** | } | **Case No.:  7:08-CV-00585-RDP** |
| | } | |
| **FRANKLIN COUNTY JAIL, et al.,** | } | |
| | } | |
| **Defendants.** | } | |

## MEMORANDUM OPINION

This case is before the court on Defendants' Motion to Dismiss Amended Complaint (Doc. #12), filed July 21, 2008 and Plaintiff's First Motion for Joinder (Doc. #19), filed September 20, 2008. Defendants filed a Brief (Doc. #13) in support if their motion on July 21, 2008. Plaintiff filed his Reply Brief (Doc. #17) on August 29, 2008. Defendants filed their Reply to Plaintiff's Brief (Doc. #18) on September 8, 2008, bringing the issues raised by Defendants' Motion under submission. Defendants filed their Response in Opposition to Plaintiff's First Motion for Joinder (Doc. #22) on October 13, 2008. Plaintiff filed his Reply (Doc. #23) on October 16, 2008, bringing the issues raised in that Motion under submission.

Although a scheduling order has not yet been entered in this case, the Report of the Rule 26(f) Planning Meeting (Doc. #20) set September 25, 2008 as the final date for Plaintiff to amend his Complaint to join any additional parties. Because Plaintiff's Motion for Joinder was filed on September 20, 2008, the court will treat this document as a timely filed motion to amend the complaint to join additional parties. This ruling is consistent with Federal Rule of Civil Procedure 15(a)(2), which provides that leave to amend pleadings should be freely given when justice so

requires.  The court, therefore, finds that Plaintiff's First Motion for Joinder is due to be **GRANTED**.  The clerk is **DIRECTED** to record Plaintiff's First Motion for Joinder as Plaintiff's Amendment to Complaint Joining Additional Parties.

To be clear, Defendants have advanced various arguments against joinder.  However, those will be viewed as part of their motion to dismiss claims under Federal Rule of Civil Procedure 12(b)(6).  For the reasons discussed more fully below, the court finds that Defendants' Motion to Dismiss Amended Complaint is due to be granted.

## I.    Background

On April 4, 2008, the Plaintiff filed his Complaint (Doc. #1) against the "Franklin County Jail," alleging that he had been denied medical care while incarcerated at the Franklin County Jail in violation of the Fourteenth Amendment to the United States Constitution.[1]  The "Franklin County

---

[1]Plaintiff's erroneously styled complaint more properly should be viewed as asserting a cause of action based upon a violation of Plaintiff's constitutional rights under the Eighth Amendment. The Eleventh Circuit has held:

> [a] government official's treatment of a pre-trial detainee is governed by the Due Process Clause of the Fourteenth Amendment, *see Bell v. Wolfish*, 441 U.S. 520, 535, n. 16 (1979), while the Cruel and Unusual Punishment Clause of the Eighth Amendment governs an official's treatment of a convicted prisoner.  *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976).  We have held that the minimum standard for providing medical care to a pre-trial detainee under the Fourteenth Amendment is the same as the minimum standard required by the Eighth Amendment for a convicted prisoner; both the right to due process and the right to be free from cruel and unusual punishment are violated by a government official's deliberate indifference to serious medical needs. *See Hamm v. DeKalb County*, 774 F.2d 1567, 1573-74 (11th Cir.1985). Because both Eighth Amendment cases and Fourteenth Amendment cases establish what constitutes "deliberate indifference," we will rely upon decisions in both types of cases.

*Lancaster v. Monroe County, Ala*. 116 F.3d 1419, 1425, n. 6 (11th Cir. 1997); *see also Bozeman v. Orum*, 422 F.3d 1265, 1271 (11th Cir. 2005) ("'Claims involving the mistreatment of . . . pretrial

Jail" filed a Motion to Dismiss (Doc. #5) on the grounds that the "Franklin County Jail" is not an entity capable of being sued.  On May 30, 2008, the Plaintiff filed a Response to Defendants' Motion to Dismiss (Doc. #9) in which he agreed with that position.  Plaintiff was granted leave to amend his Complaint, and did so on July 11, 2008.  In his amended complaint, Plaintiff named as a defendant the Franklin County, Alabama, County Commission (the "Commission").  In addition to his original claim for denial of medical care during his incarceration at the Franklin County Jail (the "Jail"),[2] Plaintiff has alleged six additional violations of Alabama law, all presumably arising out of the denial of medical care: negligence, negligent hiring, negligent supervision, outrage, intentional infliction of emotional distress, and breach of an implied contract.

On September 20, 2008, the Plaintiff, citing Federal Rule of Civil Procedure 19, filed a Motion for Permissive Joinder of Additional Defendants (Doc. #19).[3]  He now seeks to join

---

detainees in custody are governed by the Fourteenth Amendment's Due Process Clause instead of the Eighth Amendment's Cruel and Unusual Punishment Clause, which applies to such claims by convicted prisoners.' *Cottrell v. Caldwell*, 85 F.3d 1480, 1490 (11th Cir.1996). But it makes no difference whether [Plaintiff] was a pretrial detainee or a convicted prisoner because 'the applicable standard is the same, so decisional law involving prison inmates applies equally to cases involving . . . pretrial detainees.' *Id.*").  Because Plaintiff was a convicted prisoner at the time of the alleged tortious acts, the court will treat his claims as an alleged violation of the Eighth Amendment's Cruel and Unusual Punishment clause rather than a violation of the Due Process Clause of the Fourteenth Amendment.  Once again, however, because the standard is the same, decisional law from Fourteenth Amendment pretrial detainee cases is also applicable.

[2]Plaintiff's Amended Complaint also mentions for the first time the jurisdictional prerequisite 42 U.S.C. § 1983 (1996).

[3]Rule 19 deals with mandatory joinder, while Rule 20 deals with permissive joinder. However, because Plaintiff filed this motion before the deadline to join additional defendants, the court treats his motion as a Motion to Amend Complaint to Join Additional Parties, which the court has granted.

defendants designated as the "Franklin County Alabama Sheriff's Office" and the "Franklin County, Alabama, Sheriff [Sheriff Larry Plott] in his individual and official capacity."

## II.    Standard of Review

Defendants have challenged the sufficiency of Plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6), which provides for dismissal of a complaint for failure to state a claim upon which relief may be granted. FED. R. CIV. P. 12(b)(6). A court may dismiss a complaint under Rule 12(b)(6) if a plaintiff fails to provide "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombley*, 127 S.Ct. 1955, 1974 (2007). That is, if a plaintiff "ha[s] not nudged [his] claims across the line from conceivable to plausible, [his] complaint must be dismissed." *Id.*

In deciding a Rule 12(b)(6) motion, the court must "accept all well-pleaded factual allegations in the complaint as true and construe the facts in a light most favorable to the non-moving party." *Dacosta v. Nwachukwa*, 304 F.3d 1045, 1047 (11th Cir. 2002) (*citing GJR Investments, Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1367 (11th Cir. 1998)). "[U]nsupported conclusions of law or of mixed fact and law have long been recognized not to prevent a Rule 12(b)(6) dismissal." *Dalrymple v. Reno*, 334 F.3d 991, 996 (11th Cir. 2003) (*citing Marsh v. Butler County, Ala.*, 268 F.3d 1014, 1036 n.16 (11th Cir. 2001) (en banc)). Further, "[a] complaint may not be dismissed because the plaintiff's claims do not support the legal theory he relies upon since the court must determine if the allegations provide for relief on *any* possible theory." *Brooks v. Blue Cross and Blue Shield of Florida, Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997) (emphasis in original). Nevertheless, conclusory allegations, unwarranted deductions of facts, or legal conclusions masquerading as facts will not prevent dismissal. *Oxford Asset Management, Ltd. v. Jaharis*, 297

4

F.3d 1182, 1188 (11th Cir. 2002); *see Kane Enterprises v. MacGregor (USA) Inc.*, 322 F.3d 371, 374

(5th Cir. 2003) ("[A] plaintiff must plead specific facts, not mere conclusional allegations, to avoid

dismissal for failure to state a claim.  We will thus not accept as true conclusory allegations or

unwarranted deductions of fact.") (internal citations omitted); *Kirwin v. Price Communications

Corp.*, 274 F.Supp.2d 1242, 1248 (M.D. Ala. 2003) ("[A]lthough the complaint must be read

liberally in favor of the plaintiff, the court may not make liberal inferences beyond what has actually

been alleged."), *aff'd in part*, 391 F.3d 1323 (11th Cir. 2004).

## III.    Relevant Factual Allegations

On or about April 6, 2007,[4] Plaintiff was an inmate at the Franklin County Jail in Franklin

County, Alabama.  On that day, Plaintiff suffered an apparent hernia rupture.  Jail staff refused to

provide "the same care" to Plaintiff and caused Plaintiff to suffer "tremendous medical

complications."  (Doc. #1).

## IV.    Discussion

Defendants' first argument is that Plaintiff's claims in his Amended Complaint are time

barred against all remaining defendants in this case.  Because the court deems April 6, 2007 to be

---

[4]There is some question whether the relevant acts constituting Defendants' alleged tortious actions occurred on April 6, 2006 or April 6, 2007.  Plaintiff's Complaint (Doc. #1) lists the relevant year as 2006.  However, Plaintiff's Amendment to Original Complaint (Doc. #11-1) repeatedly cites the year 2007.  Plaintiff devotes a majority of his Response to Defendants' Brief in Support of its Motion to Dismiss Amended Complaint (Doc. #17) refuting Defendants' timeliness argument, suggesting that the correct date is April 6, 2006.  However, because of the maladroitness with which Plaintiff's pleadings have been drafted, the court is not inclined to draw any inference from Plaintiff's arguments that April 6, 2006 is indeed the true operative date for statute of limitations purposes, and rather looks to the plain language of Plaintiff's factual allegations.  Because the court is required to accept as true all "well-pleaded" factual allegations in the complaint and construe the facts in a light most favorable to the non-moving party, the court accepts April 6, 2007 as the date of occurrence for purposes of ruling on the instant motions.

the relevant date for purposes of these motions, however, the court will not address Defendants'
timeliness arguments.  Rather, the court will review each of the defendants in turn, addressing
Defendants' remaining arguments.

A.      Franklin County, Alabama, County Commission

Defendants argue that Plaintiff's claims are due to be dismissed against the Commission for
failure to state a claim upon which relief may be granted.  Specifically, they assert that the county
is not the entity responsible for assuring that procedures are in place to provide proper medical care
for inmates.  The court agrees.

Pursuant to Alabama law,[5] "[a]n Alabama county, unlike the State of Alabama, is not
generally immune from suit."  *Ex parte Sumter County*, 953 So.2d 1235, 1238 (Ala. 2006).  "Under
Ala. Const. of 1901, § 14, the State of Alabama has absolute immunity from lawsuits.  This absolute
immunity extends to arms or agencies of the state, but generally does not extend to counties or
county agencies." *Ex parte Tuscaloosa County*, 796 So.2d 1100, 1103 (Ala. 2000) (internal citations
omitted).

Though the Commission is generally not immune from suit, Plaintiff fails to allege that the
county has breached any duty owed by it.

> In Alabama, counties possess only those powers expressly delegated to them
> by the legislature.  *Tuscaloosa County v. Alabama Great Southern R.R.*, 150
> So. 328 (1933).  Therefore, the Alabama Code determines the role of counties
> in operating county jails.  Section 11-14-10, Ala.Code 1975, provides that

---

[5]"Ultimately, of course, the question whether a particular state agency has the same kind of
independent status as a county or is instead an arm of the State, and therefore 'one of the United
States' within the meaning of the Eleventh Amendment, is a question of federal law.  But that federal
question can be answered only after considering the provisions of state law that define the agency's
character." *Regents of the University of California v. Doe*,  519 U.S. 425, 430, n. 5 (1997)

> "[t]he county commission shall erect . . . jails" and that "[e]ach county shall
> be required to maintain a jail within their county."  This Court held in *Keeton
> v. Fayette County*, 558 So.2d 884, 886 (Ala. 1989), that "by using the phrase
> 'maintain a jail' in § 11-14-10, the Legislature intended to require the county
> commission to keep a jail and all equipment therein in a state of repair and
> to preserve it from failure or decline."

*Ex parte Sumter County*, 953 So.2d at 1238.  "[T]he Alabama courts have made it clear that the duty

of the county to erect and maintain a county jail pertains exclusively to the physical plant of the jail."

*Turquitt v. Jefferson County, Ala.*  137 F.3d 1285, 1290 (11th Cir. 1998).  "The County has no

authority to manage the [jail] employees."  *Id*. at 1289.  Furthermore, "under Alabama law the

County is not responsible for assuring procedures are in place for inmates to get medical care. . . .

Therefore, the County is not a responsible party for the alleged tort of deliberate indifference to

[Plaintiff's] medical needs."  *Marsh v. Butler County, Ala.*  268 F.3d 1014, 1026, n. 6 (11th Cir.

2001).  For this reason, Plaintiff cannot state a direct claim against the County Commission for

denial of medical care by employees at the Franklin County Jail.[6]

Neither can Plaintiff state a claim against the county based on a theory of *respondeat

superior*.  The Alabama Supreme Court has held that "counties are not charged with the duty of

operating jails; instead, it is the county sheriffs who are vested with that responsibility."  *Ex parte

Sumter County*, 953 So.2d at 1238.

> Alabama law provides that a county commission does not have the authority,
> or the responsibility, to promulgate policies and work rules for employees of

---

[6]Because the county is only charged with the duty of erecting and maintaining jails, in order
for Plaintiff to state a claim against the county, he must assert that the county's failure to maintain
the jail constituted deliberate indifference to a substantial risk of serious harm to the prisoners.
"Under Alabama law, a county might be liable when the physical conditions of the jail have
deteriorated and pose a serious threat to the safety of inmates and when those conditions have caused
the injury to the inmates."  *Marsh*, 268 F.3d at 1027, n. 7.  Plaintiff makes no such allegation in
either his Complaint or his Amended Complaint.

the sheriff's office, nor does a county commission have authority over law-enforcement policies or the training, supervision, hiring, or firing of the sheriff's employees.

*Id.*; *see also Crocker v. Shelby County*, 604 So.2d 350 (Ala. 1992). Consequently, "counties cannot be held vicariously liable for the actions or omissions of the sheriff or his deputies in operating a county jail." *Ex parte Sumter County*, 953 So.2d at 1238.[7] Because Franklin County is not a responsible party for the alleged tort of deliberate interference with Plaintiff's medical needs by refusing medical care, the Amended Complaint is due to be dismissed against that Defendant Franklin County, Alabama, County Commission for failure to state a claim upon which relief may be granted.

### B.        Franklin County Alabama Sheriff's Office

Defendants also argue that Plaintiff's claims should be dismissed as to Defendant Franklin County Sheriff's Office because Alabama sheriff's departments are not legal entities capable of being sued. Again, the court agrees.

In *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992), the Eleventh Circuit held: "Sheriff's departments and police departments are not usually considered legal entities subject to suit, . . . but 'capacity to sue or be sued shall be determined by the law of the state in which the

---

[7]The United States Supreme Court confirmed this proposition in *McMillian v. Monroe County, Ala.* 520 U.S. 781 (1997).

> [The Alabama Supreme Court] has held unequivocally that sheriffs are state officers, and that tort claims brought against sheriffs based on their official acts therefore constitute suits against the State, not suits against the sheriff's county. Thus, Alabama counties are not liable under a theory of *respondeat superior* for a sheriff's official acts that are tortious.

*Id.* at 789 (*citing Parker v. Amerson*, 519 So.2d 442, 442-45 (Ala. 1987)) (internal citations omitted).

district court is held.' FED. R. CIV. P. 17(b)."  Under Alabama law, a county sheriff's department lacks the capacity to be sued.  *White v. Birchfield*, 582 So.2d 1085, 1087 (Ala. 1991).  Because a cause of action may not be maintained against the Franklin County Sheriff's Department, Defendants' motion is due to be granted as to that defendant.

### C.    Franklin County, Alabama Sheriff in his Official and Individual Capacity

Defendants argue that Plaintiff's claims should be dismissed against the Franklin County Sheriff in both his official and individual capacities.  First, Defendants argue that Plaintiff's official capacity claims are due to be dismissed because they are barred by the Eleventh Amendment to the United States Constitution and Article I, § 14 of the Alabama Constitution of 1901.  Second, Defendants argue that Sheriff Plott, in his official capacity, is not a "person" for purposes of 42 U.S.C. § 1983.  Finally, Defendants argue that Plaintiff's individual capacity claims are due to be dismissed because Sheriff Plott is entitled to qualified immunity.

### i.    Plaintiff's Official Capacity Claims

Plaintiff's official capacity claims are futile because the Franklin County Sheriff, in his official capacity, is immune under the Eleventh Amendment to the United States Constitution and Article I, § 14 of the Alabama Constitution of 1901 and is not a "person" for purposes of § 1983.  "The Supreme Court has held that an unconsenting state is immune from lawsuits brought in federal court by the states own citizens."  *Carr v. City of Florence, Ala.*, 916 F.2d 1521, 1524 (11th Cir. 1990) (*citing Hans v. Louisiana*, 134 U.S. 1, 10 (1890)).  "To determine whether a state official is covered by eleventh amendment immunity, we consider the laws of the state."  *Id*.  In *Parker v. Williams*, the Eleventh Circuit held that the Eleventh Amendment barred a § 1983 lawsuit against an Alabama Sheriff in his official capacity.  862 F.2d 1471 (11th Cir. 1989), *overruled on other*

*grounds by Turquitt v. Jefferson County, Ala.*, 137 F.3d 1285 (11th Cir. 1998).  In response to the Eleventh Circuit's certified question, whether the sheriff of a county may be considered an 'employee' of the county for purposes of imposing liability on the county under a theory of *respondeat superior*, the Supreme Court of Alabama held that a sheriff is an executive officer of the state of Alabama under Article V, § 112 of the Alabama Constitution of 1901 which says "the executive department shall consist of a governor . . . and a sheriff for each county," and thus is immune from lawsuits (except for certain injunctive actions) under the Alabama Constitution Article I, § 14 ("That the State of Alabama shall never be made a defendant in any court of law or equity."). *Parker v. Amerson*, 519 So.2d 442, 442-43 (Ala. 1987).

The Supreme Court of the United States has noted that "a suit against a governmental officer 'in his official capacity' is the same as a suit 'against [the] entity of which [the] officer is an agent,' . . . and that victory in such an 'official-capacity' suit 'imposes liability on the entity that [the officer] represents.'" *McMillian*, 520 U.S. at 785, n. 2 (*quoting Kentucky v. Graham*, 473 U.S. 159, 165 (1985); and *Brandon v. Holt*, 469 U.S. 464, 471 (1985)) (internal citations omitted).  As a result, the Eleventh Circuit held that a suit against a sheriff in his official capacity "is prohibited by the Eleventh Amendment because the State of Alabama is the real party in interest."  *Carr*, 916 F.2d at 1525.

Furthermore, Sheriff Plott, in his official capacity, is not a "person" for purposes of 42 U.S.C. § 1983, which prohibits a person, acting under color of law, from depriving another of his rights secured by the United States Constitution.  *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989) ("We hold that neither a State nor its officials acting in their official capacities are "persons" under § 1983.").  The Eleventh Circuit confirmed this view in *Carr*, remarking that "States and their

officials no longer need to rely exclusively on eleventh amendment immunity to avoid liability in their official capacities in section 1983 cases. In *Will* . . . , the Supreme Court held that states and state officials acting in their official capacities are not 'persons' subject to liability under 42 U.S.C. § 1983." *Carr*, 916 F.2d at 1525, n.3 (*citing Will*, 491 U.S. 58).  Therefore, because the Franklin County, Alabama Sheriff in his official capacity is immune under the Eleventh Amendment of the United States Constitution and Article I, § 14 of the Alabama Constitution and is not a person for purposes of § 1983, Defendants' Motion is due to be granted as to that defendant.

### ii.    Plaintiff's Individual Capacity Claims

Defendants argue that Defendant Franklin County Alabama Sheriff in his individual capacity is entitled to qualified immunity and, thus, all claims against him should be dismissed.  The court agrees in part.  Sheriff Plott is entitled to qualified immunity on Plaintiff's federal claims, but the court does not in this order address Plaintiff's state law claims.  Notwithstanding that fact, for the reasons discussed more fully below, the court declines to exercise jurisdiction over Plaintiff's state law claims against Sheriff Plott.

The Supreme Court has repeatedly held that "government officials performing discretionary functions generally are granted a qualified immunity and are 'shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Wilson v. Layne*, 526 U.S. 603, 609 (1999) (*quoting Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).  In evaluating a claim of qualified immunity in § 1983 cases, a court "must first determine whether the plaintiff has alleged the deprivation of an actual constitutional right at all, and if so, proceed to determine whether that right was clearly established at the time of the alleged violation." *Conn v. Gabbert*, 526 U.S. 286, 290

(1999); *see also Siegert v. Gilley*, 500 U.S. 226, 232-33 (1991); *County of Sacramento v. Lewis*, 523 U.S. 833, 841, n. 5 (1998).

The Eighth Amendment's proscription of cruel and unusual punishment is violated by "deliberate indifference to serious medical needs of prisoners." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *see also City of Revere v. Massachusetts General Hosp.*, 463 U.S. 239, 243-44 (1983); *Andujar v. Rodriguez* 486 F.3d 1199, 1203 (11th Cir. 2007). To prevail, Plaintiff "must satisfy both an objective and a subjective inquiry. First, [he] must prove an objectively serious medical need. Second, [he] must prove that the [government] official acted with deliberate indifference to that need." *Andujar*, 486 F.3d at1203 (*quoting Bozeman v. Orum*, 422 F.3d 1265, 1272 (11th Cir. 2005); *Brown v. Johnson*, 387 F.3d 1344, 1351 (11th Cir. 2004)). An objectively serious medical need is defined as "one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Id.* (*quoting Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir.2003); *Hill v. Dekalb Regional Youth Detention Center*, 40 F.3d 1176, 1187 (11th Cir.1994)).

To satisfy the element of deliberate indifference to Plaintiff's serious medical need, Plaintiff must prove three things: "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than [gross] negligence." *Brown v. Johnson*, 387 F.3d 1344, 1351 (11th Cir. 2004) (*citing McElligott v. Foley*, 182 F.3d 1248, 1255 (11th Cir. 1999)). The Eleventh Circuit held that the third prong requires conduct equivalent to criminal recklessness. *Farmer v. Brennan*, 511 U.S. 825, 839-40 (1994) ("[S]ubjective recklessness as used in the criminal law is a familiar and workable standard that is consistent with the Cruel and Unusual Punishments Clause as interpreted in our cases, and we adopt it as the test for "deliberate indifference" under the Eighth Amendment.").

12

In framing his complaint for relief under § 1983 against an entity that can raise a qualified immunity defense, Plaintiff is required to meet a heightened pleading standard. *Swann v. Southern Health Partners,* Inc., 388 F.3d 834, 837 (11th Cir. 2004); *GJR Investments, Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1367 (11th Cir. 1998). A § 1983 plaintiff must "allege with some specificity the facts which make out its claim." *GJR Investments*, 132 F.3d at 1367. "Application of the heightened pleading standard is one way to deal summarily with pleadings of this kind." *Id*. at 1368.

Plaintiff fails to allege with any specificity conduct rising to the level required to prove that the Sheriff Plott, in his individual capacity, was deliberately indifferent to his serious medical need.[8] Plaintiff's statement of facts are incredibly sparse. The court finds that Plaintiff's pleadings are deficient in that they do not meet the heightened pleading standard. As such, Plaintiff fails to alleged the deprivation of an actual constitutional right. Because the Eleventh Circuit requires more than Plaintiff alleges to assert a cause under of action under § 1983 when a defendant may raise qualified immunity as a defense, Sheriff Plott, in his individual capacity, is entitled to qualified immunity on Plaintiff's federal claims, and these claims are due to be dismissed.

Having disposed of the Plaintiff's purported federal claims, the court acknowledges that it has the discretion to exercise supplemental jurisdiction over Plaintiff's remaining state law claims.

---

[8]"Rule 8 requires that federal courts give pleadings a liberal reading in the face of a 12(b)(6) motion to dismiss. This admonition is particularly true when the parties are proceeding *pro se*. Courts do and should show a leniency to *pro se* litigants not enjoyed by those with the benefit of a legal education. *See, e.g., Powell v. Lennon*, 914 F.2d 1459, 1463 (11th Cir. 1990). Yet even in the case of *pro se* litigants this leniency does not give a court license to serve as de facto counsel for a party, *see Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991), or to rewrite an otherwise deficient pleading in order to sustain an action, *see Pontier v. City of Clearwater*, 881 F.Supp. 1565, 1568 (M.D.Fla. 1995). [Plaintiff] was represented by counsel; it was not necessary for the court to read [Plaintiff]'s complaint with such indulgence." *GJR Investments*, 132 F.3d at 1369.

28 U.S.C. § 1367(a).  However, the converse is true as well: the court also has the discretion to decline to continue to exercise jurisdiction because all claims over which the court had original jurisdiction are being dismissed.[9]  28 U.S.C. § 1367(c)(3).  The Eleventh Circuit has "encouraged district courts to dismiss any remaining state claims when, as here, the federal claims have been dismissed prior to trial."  *Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1089 (11th Cir. 2004). Having determined that there is no longer a basis for federal jurisdiction over Plaintiff's remaining state law claims, the court declines to exercise supplemental jurisdiction over those claims.

## V.    Conclusion

For the reasons stated above, the court finds that Defendants' Motion to Dismiss Plaintiff's Amended Complaint is due to be **GRANTED** for failure to state a claim upon which relief may be granted.  As to Defendants Franklin County Commission; Franklin County, Alabama Sheriff's Office; and Franklin County, Alabama Sheriff in his official capacity, all claims asserted by Plaintiff are due to be and hereby are **DISMISSED WITH PREJUDICE**.  Plaintiff's federal claims against Franklin County, Alabama Sheriff in his individual capacity are also due to be and are **DISMISSED WITHOUT PREJUDICE**.  Further, the court has determined that there is no longer a basis for federal jurisdiction over Plaintiff's remaining state law claims against Defendant Franklin County, Alabama Sheriff in his individual capacity, and the court declines to exercise supplemental

---

[9]Pursuant to section 1367(c), a district court has discretion to decline to exercise supplemental jurisdiction in four situations: (1) the claim raises a novel or complex issue of state law; (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction; (3) the district court has dismissed all claims over which it has original jurisdiction; or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.  28 U.S.C. § 1367(c).  "Any one of the section 1367(c) factors is sufficient to give the district court discretion to dismiss a case's supplemental state law claims."  *Parker v. Scrap Metal Processors, Inc.*, 468 F.3d 733, 743 (11th Cir. 2006).

jurisdiction over the claims remaining in this case.  Therefore, the remaining claims in this case against the Franklin County Sheriff in his individual capacity are **DISMISSED WITHOUT PREJUDICE**.  The court will enter a separate order dismissing this case.

      **DONE** and **ORDERED** this \_\_\_5th\_\_\_\_\_ day of February, 2009.

                                 **R. DAVID PROCTOR**
                                 UNITED STATES DISTRICT JUDGE